IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAKIM MOORE                          :    CIVIL ACTION
                                     :
              v.                     :    NO. 23-4026
                                     :
DISTRICT ATTORNEY OF                 :
PHILADELPHIA COUNTY, WARDEN          :
OF SCI-GREENE, PENNSYLVANIA          :
ATTORNEY GENERAL'S OFFICE            :

## ORDER

**AND NOW**, this 14th day of April 2025, upon careful and independent review of the incarcerated Hakim Moore's pro se Petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF 1), the Commonwealth's Response (ECF 13), Judge Hey's March 26, 2025 comprehensive Report recommending we deny the Petition (ECF 15) as untimely by twenty-eight days and Mr. Moore did not offer grounds for equitable tolling nor new reliable evidence of his innocence, noting Mr. Moore did not timely object to Judge Hey's Report, and for good cause finding Mr. Moore's Petition (ECF 1) is untimely, it is **ORDERED** we:

1.     **APPROVE AND ADOPT** Judge Hey's comprehensive Report and Recommendation (ECF 15);

2.     **DISMISS AND DENY** the Petition for writ of habeas corpus (ECF 1) with prejudice;

3.     **DENY** a certificate of appealability;[1] and,

---

[1] We find no basis for a certificate of appealability. A certificate of appealability may issue only if Mr. Pagan makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Pagan satisfies this standard by showing "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

4.    **DIRECT** the Clerk of the Court shall **close** this case.

_____
**KEARNEY, J.**

---

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not disagree with our determination Mr. Moore's claims are untimely, there is no basis for equitable tolling, and no new reliable evidence of his actual innocence.